Sidney Johnson v. The State of Mississippi.

1. Criminal procedure—jurisdiction.—Where chattels are stolen in one county and carried into another, an indictment in the latter should charge the larceny to have been committed in that county; otherwise it will be quashed for the want of jurisdiction, the possession by the thief of the stolen goods being a larceny in every county into which he carries them.  In this respect the Mississippi statute adopts the rule of the common law.

Error to the circuit court of Pike county.  Smiley, J.

The opinion of the court contains a statement of the case.

*Cassedy & Stockdale,* for plaintiff in error,

Insisted that the indictment should have been quashed. In order to give the circuit court of Pike county jurisdiction to try the accused, the indictment must charge the offense to have been committed in that county. An indictment for larceny charging that the property was stolen in Amite county and carried into Pike county, is insufficient. Citing Code of 1871, § 2755; Watson v. the State, 36 Miss. 609.

*J. S. Morris,* attorney-general.

PEYTON, C. J.:

At the September term of 1872, of the circuit court of Pike county, the grand jury of said county returned into said court a bill of indictment, charging "that Sidney Johnson, late of the county of Amite, on the 2d day of August, in the year of our Lord one thousand eight hundred and seventy-two, with force and arms, in the county and state aforesaid, did then and there feloniously steal, take and carry away one ox of the value of $30, of the goods and chattels and personal property of James Johnson, and did bring said property into said county of Pike, to wit: On the day and year last aforesaid, the same, to wit, the said ox, the personal property of the said James Johnson, was then and there found in the said county of Pike, against the peace and dignity of the state of Mississippi."

The defendant, Sidney Johnson, moved the court to quash the indictment, on the ground, among others, that the indictment does not charge that the defendant committed larceny in Pike county. This motion was overruled by the court, whereupon the case was submitted to a jury, upon the plea of not guilty, who found

the defendant guilty in manner and form as charged in the indictment. Motions for a new trial and in arrest of judgment were overruled by the court, who sentenced the defendant to be imprisoned in the penitentiary of this state for the period of two years. And from this sentence of the court the cause is brought here by writ of error for revision.

The only question presented by this record for our determination is, does the indictment charge the defendant with having committed larceny within the county of Pike?

The grand jury of Pike county were limited in their inquiries into the violations of the criminal laws of the state, to such offenses as were committed within that county. They had no authority to inquire into a larceny committed in Amite county; yet, if the thief brought the stolen property into Pike county, they might properly indict him for a larceny committed within their county. It must be charged to have been committed in Pike county in order to give the circuit court of that county jurisdiction of the case. For larceny, like every other offense, must regularly be tried in the same county in which it was committed, and the offense is considered as committed in every county into which the thief carries the goods, for the legal possession of them remains in the true owner, and every moment's continuance of the trespass and felony amounts to a new caption and asportation. 2 Russ. on Cr. 116.

The indictment under consideration should have charged that the defendant, on the day and year specified, with force and arms, in the county of Pike and state aforesaid, did then and there feloniously steal, take and carry one ox of the value of $30, of the goods and chattels and personal property of James Johnston, contrary to the form of the statute in such case made and provided, and against the peace and dignity of the state of Mississippi; or should have been in the usual form

of an indictment for a larceny committed in Pike county. Such an indictment would be sustained by evidence that the defendant stole the property in another county and brought it into Pike; for, at the common law, and under our statute which adopts the common law rule in this respect, if a party steals goods in the county of Amite and carries them into the county of Pike, he may be indicted for the larceny in the latter county. And this is founded on the principle, that the possession of goods stolen by the thief is a larceny in every county into which he carries the goods, because the legal possession still remaining with the owner, every moment's continuance of the trespass and felony amounts, in legal contemplation, to a new caption and asportation.

To give the court jurisdiction, there must be a complete offense proved in the county, to the satisfaction of the jury, and not an offense in another county.

In the case under consideration, the indictment charges the larceny to have been committed in Amite county, and then states that the defendant brought the stolen property into Pike county, but nowhere charges him with having stolen the property in the latter county, which alone could give jurisdiction to the circuit court of that county. The mere statement that the defendant carried the stolen property into Pike county may furnish the basis of an indictment for stealing in that county, but it is by no means equivalent to an indictment itself.

Had this been a conviction in the circuit court of Amite county, upon an indictment in this form, as having been found by a grand jury of that county, we should think the verdict was right; but being a proceeding in Pike circuit court upon an indictment which does not charge the defendant with a larceny in Pike county, we think the conviction was wrong.

For these reasons, the judgment must be reversed and the indictment quashed.