## REUBEN H. FRANK v. THE STATE.

1. CRIMINAL LAW. *Receiving stolen goods. Evidence.*
   Under an indictment for receiving stolen goods, knowing them to be stolen,
   proof that the defendant himself stole the goods will not warrant a con-
   viction. *Sartorious* v. *The State*, 24 Miss. 602.

2. SAME. *Proof of guilty knowledge.*
   A conviction will be upheld if the circumstances warrant the conclusion that
   the goods were stolen by another, and the defendant received them under
   circumstances sufficient to make him believe they were stolen. It is not
   necessary that he should have positive knowledge of the theft. If the
   transaction convinces him, or should do so, that the goods were stolen,
   this is guilty knowledge.

FROM the circuit court of Warren county.

HON. RALPH NORTH, Judge.

Appellant was indicted for receiving stolen goods, a lot of car
brasses, knowing them to be stolen. The property was proved to
have been stolen from the receiver of the Vicksburg and Meridian
Railroad Co. The appellant kept a junk shop in the city of Vicks-
burg, and after the larceny an agent of the railroad company called
with the chief of police on Frank to learn if he had purchased or

seen the brasses. He denied having bought them, and disclaimed all knowledge of them. The articles bore certain stamps showing the names of the companies for which they were manufactured, and shortly after they were missed they were found in Cincinnati, Ohio, where they were received in a shipment from appellant at Vicksburg. They were identified, and by direction of the officials of the said railroad company were returned to Vicksburg, consigned to the chief of police. Upon their arrival they were by him unpacked from the barrel in which they were shipped, and appellant, who by request was present when the barrel was opened, admitted that he had shipped them, and claimed them as his own, and such articles as were not claimed by the railroad company were returned to him. It was shown that the brasses, with many other articles of a like kind, were shipped by Frank from Vicksburg to Cincinnati by boat a few days after the larceny.

Upon the trial the following instructions were given in behalf of the state :—

" 1. The court instructs the jury that it is not incumbent on the state to show by the evidence in order to convict the defendant, that the defendant acknowledged he bought or received the goods, knowing they were stolen, or to prove that the parties from whom he bought or received the same told him that they had previously stolen the goods charged; it is sufficient if all the facts and circumstances testified to in the case satisfy the minds of the jury, to the exclusion of every reasonable doubt, that the defendant knew or had good reason to believe the goods were stolen property, and if the jury believe this to a moral certainty arising out of the evidence, and beyond a reasonable doubt, they should convict the defendant.

" 2. The court instructs the jury that in considering the guilty knowledge of the defendant they should consider the facts of their being stolen property, and the character of the goods received by him, whether they bore marks or brands indicating their ownership, and, if the property is shown to have been recently stolen, that they were of a nature which would indicate, or from which to a reasonable man would indicate, their being stolen, or if they

bore marks and brands sufficient to bring to the defendant's mind the knowledge of their ownership, when received by him, then it is a presumption that the defendant had knowledge of their being stolen property.

"3. The jury are instructed that guilty knowledge is not often capable of direct proof, that it is a conclusion to be drawn from all the facts and circumstances in the case, and if the jury are satisfied from the facts and circumstances that the defendant received or bought the goods and converted them to his own use when he had a knowledge, or had good reason to believe they were stolen property, then they will find him guilty as charged."

The defendant was found guilty and sentenced to three years' imprisonment in the penitentiary. A motion for a new trial was overruled and defendant appealed.

*L. W. Magruder,* for appellant.

Under an indictment for receiving stolen goods, the defendant cannot be convicted of larceny unless by statute different counts charging larceny and receiving stolen goods can be joined. 2 Russell on Crimes, 544. They are separate and distinct crimes, both at common law (see Bishop, 2d vol.), and under our statute. Code 1880, §§ 2901, 2907.

The evidence in this case must show that the goods were stolen by another than appellant. If the proof shows that Frank himself stole them, he cannot be convicted under this indictment. In this case the only evidence of guilt at all is the possession by defendant of the goods soon after the theft. Such possesssion is evidence of stealing by the possessor, but not of receiving. 2 Russell Cr. 554; *Sartorious* v. *The State,* 24 Miss. 609.

The instructions were erroneous in imputing guilty knowledge if defendant had good reason to *believe* the goods were stolen. *Guilty knowledge* is the essence of the offense.

*Blackwell & McLaurin,* on the same side.

*T. M. Miller,* attorney-general, for the state.

The evidence fully warranted the conviction. Frank received the brasses beyond all question. They were of such a character

and so marked as to indicate their ownership. He denied all knowledge of them, yet had sent them off to a distant city. He makes no explanation whatever. These facts are conclusive of guilty knowledge.

It was insisted that recent possession was presumptive evidence of larceny and not of receiving the goods. But it is laid down that such possession may, according to circumstances, support either the presumption that the possessor stole the property or that he received it knowing it to be stolen. *People* v. *Teal*, 1 Wheeler Cr. Cas. 199 ; 2 Roscoe Cr. Ev., 8th Ed., 912 ; *Sartorious* v. *The State*, 24 Miss. 602. Proof of concealment is proof of guilty knowledge. 2 Roscoe Cr. Ev., 918.

The charges are free from error. It was sufficient if defendant received the goods under circumstances sufficient to lead a reasonable man to know they were stolen. *Collins* v. *The State*, 33 Ala. 434 ; *Sartorious* v. *The State*, 24 Miss. 602 ; Whart. Cr. Ev., § 760.

CAMPBELL, J., delivered the opinion of the court.

It is true as held in *Sartorious* v. *State*, 24 Miss. 602, that it is not sufficient to convict the prisoner of receiving goods knowing them to be stolen, to show that he stole them; but where circumstances warrant the conclusion that they were stolen by another, and they are traced to the possession of the defendant, under circumstances sufficient to make him believe they were stolen, this is sufficient to uphold a conviction. By *knowing them to be stolen* is not meant that the defendant should personally have witnessed the theft. If the transaction is such as to convince him, or as should do so, that the things were stolen, and he received them, he has knowledge to make him guilty.

The evidence justifies the verdict of the jury. We find no error in the instructions. The assumption in one of them that the goods were stolen by another than Frank, in view of the evidence which made this indisputable, is not ground of complaint.

*Affirmed.*