### Devine· *v.* State.

[96 South. 696.   No. 23270.]

LARCENY.   *One aiding and assisting thief in making away with property after knowledge that it is stolen guilty of "larceny."*

Larceny is a continuous offense, and is being committed every moment of the time during which the thief deprives the owner of the stolen property of its possession; consequently a person who aids and assists the thief in making away with property after and knowing that it has been stolen is guilty of "larceny."

APPEAL from circuit court of Jones county.

HON. R. S. HALL, Judge.

Roy Devine was convicted of grand larceny, and he appeals.   Affirmed.

*W. B. Collins,* for appellant.

We presume that no one will claim that under the common law a person could be tried and convicted as principal when he was only an accessory after the fact.   And we make this argument, admitting for the sake of argument that the defendant was not entirely clear of wrongdoing in the matter, after the car was stolen.   If, under the theory of defendant, defendant, if guilty of anything,

was only guilty as an accessory after the fact; he could not be convicted as a principal, unless the statute makes that the law. We submit that section 751, Hemingway's Code, section 1026, Code of 1906, an accessory before the fact can be tried and convicted as a principal, but this could not be done under the common law. Under the ocmmon law an accessory after the fact is guilty of an independent crime from the principal and could not be tried as principal. This is true even under section 752 of Hemingway's Code and section 1027, Code of 1906. Then, under the testimony of all the witnesses in this case, except Jesse Carter, and we submit there is not enough in that to make him guilty of an accessory before the fact, defendant, if guilty of anything, was only guilty as an accessory after the fact. The car was stolen, taken and carried away before Roy Devine ever saw it and all the witnesses say that. There is not one particle of testimony of any other person than Jesse Carter that Roy Devine, even counseled or advised in the theft, and he admits that he had ofttimes said Roy knew nothing about it until after the stealing.

On page 8 of the record the state was given this instruction: "The court instructs the jury for the state that if you believed from the evidence in this case beyond a reasonable doubt, that Roy Devine, in district No. 2, Jones county, Mississippi, got into the car in question at a time when he knew that the said car was being unlawfully and feloniously taken, stolen and carried away in said district of Jones county, Mississippi, for the purpose of aiding and assisting in such taking away if any there was, then under the law the defendant is guilty as charged and this is true even though you may further believe that the defendant was not present when the car was first started and knew nothing of it being started away."

This instruction tells the jury that the defendant can be convicted of larceny, if he was only guilty as an accessory after the fact. This is not the law. All the testimony shows that defendant got in the car after it had

been moved by Jesse Carter and Stoggie Wansley from the
Y. M. C. A. and run to Devine's home, several blocks away
and this instruction tells the jury that if they believe that
when he got in this car at his home, after the car had al-
ready been stolen and carried away, with the purpose of
assisting in carrying it away, further, then he is guilty
of larceny. That is not the law. No authority, we venture
to say can be found upholding that as the law. On the
other hand the converse of the instruction is the law and
the only instruction correctly announcing the law, was
asked by the defense and is found on page 13; there are
two of them: "The court instructs the jury for the de-
fendant that unless you believe from the evidence in this
case beyond a reasonable doubt and to a moral certainty
that the defendant, Roy Devine, aided or assisted in the
original taking of the car in question from the place where
its owner left it, then it will be your sworn duty to find
the defendant not guilty, even though you may believe he
later learned that Jesse Carter and Stoggie Wansley had
stolen the car and that defendant aided or assisted them
in escaping with the car." This instruction was refused
by the court, and the following: "You are further instruct-
ed for the defendant that if you believe from the evidence
that Jesse Carter and Stoggie Wansley stole the care from
where it had been left by the owner, without the aid or
assistance of the defendant and carried it to the home of
defendant and induced him to go with them to Gulfport,
then you must, under your oaths, find the defendant not
guilty, even though you may believe that the defendant
was assisting them to escape with full knowledge that
the car had been stolen; and if you have a reasonable
doubt that this is the way the theft happened, then it is
your sworn duty to find the defendant not guilty." This
instruction was also refused. Defendant was given no
instruction embracing this theory of the case, but the state
was given the converse, which is not the law.

It is our contention, and we think all the law bears us
out, that the theft was completed, when the car was moved

from the place where the owner left it. If Jesse Carter
and Stoggie Wansley had been apprehended on their way
from the Y. M. C. A. to Devine's home and the car recov-
ered, no one would argue that they could not be tried and
convicted of larceny. The larceny was complete. The
crime of larceny was just as surely committed, as if the
car had been carried to New York, and just as surely com-
mitted, as when they were apprehended near Gulfport. No
one would say that they would have to go into Gulfport,
nor to Pascagoula, nor to Mobile and sell the car, before
they could be convicted. If the crime was not complete
when they went around and stopped at Devine's home,
where was the crime completed?

25 Cyc., page 19, note 1 gives several illustrations and
cites *Rex* v. *Pitman,* 2 C. & P. 432, 12 E. C. L. 653: "Thus
where a thief snatched an earring from a lady's ear but
it caught in the curls of her hair, there was sufficient tak-
ing and carrying away to constitute larceny." 1 Leach C.
C. 320. Also, "and where a thief went to an inn, intend-
ing to steal a horse, directed the hostler to bring out his
horse pointing to the one he intended to steal, and the
hostler accordingly led out the horse for the thief to
mount, this was sufficient taking to constitute larceny."
Further; 25 Cyc. 22 B. "To constitute larceny there must
be trespass in the original taking." If defendant knew
nothing about the car having been stolen until he got
into the car at his home, how could there be any trespass
on his part in the original taking? So this being under
the law a complete larceny of the car at the time defendant
got into it at his home, whatever connection defendant
might have had with it from that time on would not make
the act of larceny any more complete. We wish to call
the court's attention to the case of *Boyce* v. *State* (Texas),
5 Am. St. Rep. 908; 2 Russell on Crimes (9th Am. Ed.)
152; 25 Cyc. 59 (c) see also d; *Alexander* v. *State,* 60
Miss. 953.

With absolutely no doubt about prejudicial error in two
of the three instructions granted the state, and the refusal

of the court to correctly announce the whole law in any instruction asked by the defense, we submit the case ought to be reversed.

*S. C. Broom,* special assistant attorney-general, for the state.

The theory of the defense is that the appellant herein was an accessory after the fact; that he had no part in stealing the car and that he did not enter into a conspiracy or plan with Carter to steal an automobile. They practically conceded that the appellant had knowledge that the car was stolen property and that he might have been convicted of receiving stolen property or as an accessory after the fact; but the trouble is the defense bases its argument on false premises and necessarily arrives at an erroneous conclusion. He was indicted as a principal.

Section 751 of Hemingway's Code, section 1026, Code of 1906, is as follows: "Every person who shall be an accessory to any felony, before the fact, shall be deemed and considered principal, and shall be indicted and punished as such; and this whether the principal had been previously convicted or not."

In the case of *Unger* v. *State,* 42 Miss. 642, it is said that, "an accessory before the fact is one who is not present at the time of the commission of the offense, but counsels, procures or commands the commission of the crime." And again in the case of *Dean* v. *State,* 85 Miss. 40, 37 So. 501, it is said: "One who aids, assists and encourages a murder is a principal and not an accessory and his guilt in nowise depends upon the guilt or innocence, the conviction or acquittal of any other alleged participant in the crime." And again in the case of *Kittrell* v. *State,* 89 Miss. 666, 42 So. 609, it is said: "One who aids and abets in an offense is indictable as a principal." ·

In the case of *Osborn* v. *State,* 88 Miss. 410, 55 So. 52, it is said: Section 1026, Code of 1906, makes every accessory to a felony before the fact a principal and punishable

as such, whether the principal has been previously convicted or not, yet where several are jointly indicted, if one or more of them were accessories before the fact, the party who actually committed the felony must be proved guilty before evidence is admissible of the guilt of the accessories before the fact, though they are charged as principals."

Our view of the law in this case would be that when Jesse Carter and the appellant herein planned and agreed to steal an automobile and to take it some place and sell it, that up to that point they were probably guilty of some sort of criminal conspiracy; that when these plans were executed and when the appellant herein contributed in some way to the execution of this plan, the crime then changed from one of conspiracy to larceny and the appellant became guilty as a principal, because he was an accessory before the fact.

SMITH, C. J., delivered the opinion of the court.

This is an appeal from a conviction of grand larceny. The evidence for the state is to the effect that the appellant entered into a conspiracy with Jesse Carter to steal an automobile for the purpose of selling it and appropriating the proceeds. Jesse was to steal the car to be selected by him and take it to Devine's residence, where Devine would join him, and together they would dispose of the car. On the occasion in question Devine, Carter, and Stoggie Wansley, who had joined the conspiracy at Carter's request, met at the railroad station in the town of Ellisville, and Devine gave Carter a pocketknife with which to turn an automobile switch, and a few minutes thereafter Carter and Wansley stole a Ford Sedan parked near by and drove it to Devine's residence, where he got into the car with the other two, and together they drove the car to Gulfport, where they were arrested.

Devine claims not to have known that the car was stolen, but that he joined Carter and Wansley on their request to go with them for a ride as far as Gulfport and return.

Only one of the appellant's assignments of error requires special notice, and that is that the court below erred in granting the state the following instruction:

"The court instructs the jury for the state that if you believe from the evidence in the case beyond a reasonable doubt that Roy Devine, in district No. 2, Jones county, Miss., got into the car in question at a time when he knew that the said car was being unlawfully and feloniously taken, stolen, and carried away in said district of Jones county, Miss., for the purpose of aiding and assisting in such taking away, if any there was, then under the law the defendant is guilty as charged, and this is true even though you may further believe that the defendant was not present when the car was first started and knew nothing of it being started away."

The contention of the appellant is that the larceny was complete when Carter and his companion removed the car from the place where it was parked, and that if he thereafter rendered them any assistance in making away with the car he did not thereby become guilty of larceny, but became only an accessory after the fact. This contention is without merit for the reason that larceny is a continuous offense and is being committed every moment of the time during which the thief deprives the owner of the stolen property of its possession.

"The legal possession" of the goods stolen continues in the "true owner; and every moment's continuance of the trespass and felony amounts" in legal consideration to a "new caption and asportation." *Watson* v. *State,* 36 Miss. 593; *Johnson* v. *State,* 47 Miss. 671; 2 Brill's Cyclopedia Crim. Law, section 758.

If the appellant aided and assisted Carter and Wansley in making away with the car after, and knowing that it had been stolen he is guilty of larceny.

*Affirmed.*