THOMAS *v.* STATE.

In Banc. Mar. 14, 1949.

(39 So. (2d) 272)

North & North, and **Henry & Barbour,** for appellant.

**George H. Ethridge,** Assistant Attorney General, for appellee.

**Montgomery, J.**

Jake Thomas was convicted in the Circuit Court of Humphreys County on a charge of receiving stolen property and sentenced to five years' imprisonment. From this judgment he appeals here.

There is little, if any, dispute as to the material facts. The defendant testified that one Roosevelt Parker approached him to borrow some money, and that he told him he needed his money for purchasing fertilizer. Whereupon Parker advised him he could get him all the fertilizer he wanted at Silver City. Defendant says he then asked if it was "straight", and Parker told him that it was. A price of $40 per ton was agreed on.

Roosevelt Parker testified that Jake Thomas came to his house in Silver City and asked him could he get hold of some fertilizer for him, and he told him "no". Jake Thomas then told him to let him know if he later found he could get some. On the following Saturday witness went to Belzoni and told the defendant that one Robert Van knew where they could get some fertilizer, and witness arranged for him to come down on the following Thursday night in his car to pick it up.

Robert Van testified that while on his way home he found some keys at the railroad crossing. He picked them up, and as he proceeded on home, he was overtaken by a rain just as he was passing the seed house at the gin. He stopped under the shed to get out of the rain and saw the lock on the seed house door. He tried his keys and found one fitted. The fertilizer was stored in this seed house.

From this point on there is no dispute in the evidence on any material matter. It is undisputed that Jake Thomas made three trips and on each occasion he drove his car within a car length of the door to the seed house, after midnight, and Robert Van unlocked the door. Roosevelt Parker and Robert Van entered the seed house and brought the fertilizer to the door, and then Jake

Thomas assisted them in loading it in his car. The fertilizer was the property of Mr. B. S. Reed, of Silver City.

Section 1905, Code of 1942, reads as follows: "Every person who shall be an accessory to any felony, before the fact, shall be deemed and considered a principal, and shall be indicted and punished as such; and this whether the principal have been previously convicted or not."

In addition, this defendant was actually present, aiding, abetting, and participating in the theft of the fertilizer. The car was on the gin property near the gin seed-house door, and defendant admitted on the stand that he assisted in the asportation in removing the fertilizer from the seed-house door and loading it in his car.

The rule is succinctly stated in 53 C. J. 513, Sec. 28, as follows: ██ ██ "It is elementary law that one who steals property cannot be convicted of receiving, concealing or aiding in concealing the property stolen. The statutes making the receiving of stolen goods a substantive offense are not intended to punish the thief by way of a double penalty but are directed against those who would make theft easy or profitable. Nor can one who has stolen property jointly with another, that is to say, who jointly with another takes part in the caption and asportation of the property, be convicted of receiving stolen property . . . ".

This rule has been accepted and recognized by this Court in Manning v. State, 129 Miss. 179, 91 So. 902, wherein it was held that ██ ██ where a defendant is charged with receiving stolen goods and the evidence shows that he is guilty of the larceny of the goods in question, he cannot be convicted of the offense with which he is charged. To the same effect are the holdings in Sartorious v. State, 24 Miss. 602 and Frank v. State, 67 Miss. 125, 6 So. 842.

From what has been said hereinabove, it follows that the judgment of the lower court adjudging the defendant guilty of the offense of receiving stolen property is re-

versed, and the indictment is dismissed. Let the cause be reversed, the indictment dismissed, and the prisoner held to await the action of a proper Grand Jury.

Reversed and remanded.