HARPER *v.* STATE.

In Banc. Dec. 12, 1949

No. 37307   (43 So. (2d) 183)

**North & North,** for appellant.

**George H. Ethridge**, Assistant Attorney General, for appellee.

**Alexander, J.**

This appeal is from a judgment of conviction for receiving stolen goods. The case may be simply stated. The prosecuting witness was the party who stole the property in question, an automobile, and delivered it to appellant. His testimony was that "He (appellant) said if I could pick up a good car and bring it over to him my money would be waiting for me." Appellant was engaged in the used car business and operating a garage. It is disclosed also, not without some ambiguity, that he did a little preaching on the side. Which of the two activities constituted his major interest is a matter of unprofitable speculation. So far as the record reveals, the pursuit of his evangelistic digressions had earned for him only the sobriquet "Preacher".

The car was stolen in Greenwood and brought to appellant's place of secular business at Belzoni, and was identified by its owner, with its motor numbers disfigured. There were, however, certain secret numbers which had not been tampered with and which identified the automobile. The appellant confessed to a police officer of

Greenwood that he had received the car from Walter Crawford, and had sold it to one Irving who corroborated the testimony regarding such sale by the appellant and the release of the car to the owner. A police officer of the City of Greenwood testified that appellant admitted receiving this car and its later sale, and that "He said he knew it wasn't right." He further explained that he meant by this that he knew it was stolen.

The assignment most earnestly pressed is that the testimony shows the appellant to have been an accessory to the stealing of the car, and was therefore guilty, if at all, of larceny. Thomas v. State, 205 Miss. 653, 39 So. (2d) 272, is cited to support this theory. A casual inspection of this case discloses that Thomas was present on the occasion of the theft and assisted in loading the stolen property into his car. This element is also present in Wince v. State, 206 Miss. 189, 39 So. (2d) 882, in which the property proposed to be stolen was pointed out to an employee of the Valley Dry Goods Company, who, carrying out the instructions of Wince, withdrew the goods from the shelves and delivered them to Wince in the employer's truck. In the instant case, the directions to the thief were too general to constitute the appellant an accomplice or accessory to the particular theft. His assurances to the thief that if he would steal and bring to him a good car he would receive and pay for it constitutes a mere declaration of his availability as a fence or outlet for stolen property if the thief cared to avail of his services. He had no knowledge that any particular car, or any car at all, would be stolen.

The crime of larceny had been completed when the car was delivered to Harper. He had no part in either the caption or the asportation. 45 Am. Jur., Rec. Stolen Property, Section 10. Such circumstance distinguishes the present case from such cases as Hogsett v. State, 40 Miss. 522, and Devine v. State, 132 Miss. 492, 96 So. 696. The concept of the larceny as a continuing trespass where-

by acceptance by Harper of the stolen property would constitute a felonious participation is borrowed from the cited cases, Watson v. State, 36 Miss. 593, and Johnson v. State, 47 Miss. 671, where application of the principle was confined to the common law device whereby the thief by asportation of the property, would transport as a part of his plunder the superimposed burden of a shifting jurisdiction over himself.

While there are some authorities which hold that a constructive participation in the theft accords to the State an election between larceny and receiving stolen goods, it is clear here that the appellant was not guilty of larceny but of the receiving.

The other assignments fall with the above conclusion and will not be further discussed.

Affirmed.