## JAMES *v.* STATE

No. 42732 . February 17, 1964 160 So. 2d 695

*Murray L. Williams*, Water Valley, for appellant.

*G. Garland Lyell, Jr.,* Asst. Atty. Gen., Jackson, for appellee.

ETHRIDGE, J.

Ed James, appellant, was convicted in the Circuit Court of the Second Judicial District of Chickasaw County of the grand larceny of a calf. On this appeal he argues that the verdict is against the overwhelming weight of the evidence, and asserts errors in two instructions.

James worked at a filling station in Pontotoc, in Pontotoc County. He asked Carl Aaron and Nicki Moore to get a calf for him for his deep freeze, and they indicated they would. James brought a rope and furnished it to Aaron and Moore for the purpose of stealing a calf. On a Tuesday night, Aaron and Moore went to Derwood McCullough's cattle farm in the adjacent Chickasaw County, broke a lock on the gate, and tried to get a calf into Moore's car, which was not large enough. They then drove back to the filling station in Pontotoc, told James about it, and that they were going to get Aaron's car for the theft. They had advised defendant that they were going to steal the calf, from Earl Aaron's pasture, which was next to McCullough's farm. James told them to be back by 11:30 that night, and Aaron and Moore then went back to Chickasaw County, stole the calf, loaded it in the car, brought it to James' place, and put it in his pen around midnight. James helped unload the calf at his place, and gave Moore $5 and Aaron $8 for it. The next day it got out of the pen, and James told the other two to look for it, or else they all would be in trouble. Several days later, McCullough telephoned James, and on the next Sunday James put the calf in his truck and delivered it to McCullough.

 █ This and other evidence in the record established the fact that appellant, Aaron and Moore made an agreement that the latter two would go steal a calf for appellant. He furnished them with a rope, and knew where they were going. When they returned before making the second trip, James unquestionably knew all of the essential details. The jury was warranted in finding that he instigated and procured the theft, and aided and abetted in the theft itself, and was therefore a principal. Miss. Code 1942, Rec., § 1995. The defendant did not testify, and offered only character witnesses.

One may be guilty of larceny without being present at the time and place of the theft, if he in some guilty way participates in it, as where it appears that accused actually advised and procured commission of the crime, encouraged, aided and abetted its commission, and helped to plan the theft with the understanding that he would receive some of the benefits from it. 52 C.J.S., Larceny, §§ 57, 154; 14 Am. Jur., Criminal Law, §§ 95-101; Shedd v. State, 228 Miss. 381, 87 So. 2d 898 (1956), cert. denied, 352 U. S. 944, 77 S. Ct. 262, 1 L. Ed. 2d 237.

 █ Appellant cites Harper v. State, 207 Miss. 733, 43 So. 2d 183 (1949), to support his argument that, if he was guilty of anything, it was receiving stolen goods and not grand larceny. Harper is distinguishable from the instant case. There defendant, convicted of receiving stolen goods, simply gave a general assurance to the thief that, if he would steal and bring him a car, defendant would pay him for it, indicating a mere availability as an outlet for stolen property. Harper had no knowledge that any car at all would be stolen. In the instant case the state's evidence warranted the jury in finding that appellant instigated, procured, aided, assisted and abetted Moore and Aaron in a specific plan to steal a calf. Prior to the second trip by his

accomplices, he knew exactly where they were going to steal the particular calf.

The two instructions granted the state, assigned as error by appellant, are not reversible error when they are considered as an entirety. The second of the two was correct, and the first should be read along with it. Certainly no prejudicial error appears when the state's instructions are read together. Supreme Court Rule 11.

Affirmed.

*Kyle, P. J., and Gillespie, Brady and Patterson, JJ.,* concur.