RODGERS, Justice.
This is an appeal from the judgment of conviction of Lawrence Anderson on a charge of receiving stolen property, knowing the property to have been stolen. This case came to this Court from the Circuit Court of Forrest County, Mississippi.
The State offered testimony of an alleged accomplice, Joe Booth, who had previously pled guilty to larceny. He testified that he purchased liquor from Lawrence Anderson on credit, and owed him for liquor at a time when he saw him out at his home on the property of Joe Jones, the owner of the stolen property. He testified that Lawrence Anderson talked about the cows belonging to Joe Jones and wanted to buy them. He said that at a later date Mr. Anderson offered him $70 and agreed to cancel his debt at the liquor store if he would get one of the cows for him, and that he agreed to steal the cow for Anderson. He also testified that he stole a second cow. He testified that he got another person to help him load the cow and that Mr. Anderson called Bobby Easterling to get him to haul the second cow; that it was delivered to Mr. Anderson after dark and that Mr. Anderson paid him.
The defendant made a motion to dismiss the charge against him when the State had rested its case, upon the ground that the testimony offered by the State showed that the defendant was an accessory before the fact, and therefore, could not be guilty of receiving stolen goods. This motion was overruled. Whereupon, the defendant offered testimony to show that the State witness sold him two cows; that Joe Booth wanted some money because of an emergency and that he sold him the first cow and later came back to defendant and wanted to sell him the large heavy springer black and white Holstein. He bought the cow and paid cash for it. He paid Joe Booth $40 and Joe Booth’s wife, Eris, $60. He testified that he did not make arrangements with Easterling to haul the cow and that he did not call Carl Draughn in an effort to get him to haul a cow. Mr. Draughn had identified Lawrence Anderson as the person who called him. He testified that Joe Booth’s wife gave him a bill of sale for the Holstein cow. Two written instruments were introduced in evidence. There is evidence corroborating both the State’s theory of the case and the defendant’s story as to how he came into possession of the two cows. There were several witnesses who testified as to the good character of the defendant.
I.
The first assignment of error suggests that the verdict of the jury is against the overwhelming weight of the evidence. The writer of this opinion is inclined to believe that the defendant’s testimony is perhaps more reasonable than the story of the accomplice. Nevertheless, the jury is the judge of the weight and worth of the testimony, and we are of the opinion that the State’s testimony is not of such a nature so as to warrant our saying it is against the great weight of the evidence.
II.
The second assignment of error has given us more concern than the first. The contention of the defendant is that the State established a case of accessory before the fact of larceny; therefore, he could not be guilty of receiving stolen property because one who is an accessory to the crime of larceny is a principal and is guilty of larceny. He cannot be guilty of knowingly receiving stolen property from a thief since he, in fact, stole the property himself.
In the case of Thomas v. State, 205 Miss. 653, 39 So.2d 272 (1949), this Court again followed the rule that one who steals property cannot be convicted of receiving, concealing or aiding in concealing stolen *366 property. We quoted 53 C.J. p. 513, § 28 as follows:
“The rule is succinctly stated in 53 C.J. 513, § 28, as follows: ‘It is elementary law that one who steals property cannot be convicted of receiving, concealing or aiding in concealing the property stolen. The statutes making the receiving of stolen goods a substantive offense are not intended to punish the thief by way of a double penalty but are directed against those who would make theft easy or profitable. Nor can one who has stolen property jointly with another, that is to say, who jointly with another takes part in the caption and asportation of the property, be convicted of receiving stolen property * * (205 Miss. at 657, 39 So.2d at 273)
We cited other Mississippi cases of like tenor.
Section 1995, Mississippi Code 1942 Annotated (1956), provides:
“Every person who shall be an accessory to any felony, before the fact, shall be deemed and considered a principal, and shall be indicted and punished as such; and this whether the principal have been previously convicted or not.”
In James v. State, 248 Miss. 777, 160 So.2d 695 (1964), we said:
“One may be guilty of larceny without being present at the time and place of the theft, if he in some guilty way participates in it, as where it appears that accused actually advised and procured commission of the crime, encouraged, aided and abetted its commission, and helped to plan the theft with the understanding that he would receive some of the benefits from it. 52 C.J.S. Larceny §§ 57, 154; 14 Am.Jur., Criminal Law, §§ 95-101; Shedd v. State, 228 Miss. 381, 87 So.2d 898 (1956), cert. denied, 352 U.S. 944, 77 S.Ct. 262, 1 L.Ed.2d 237.” (248 Miss. at 780, 160 So.2d at 696)
See 52A C.J.S. Larceny § 57, page 485 (1968).
The State contends, however, that the foregoing rule does not prevent the' prosecution and conviction for receiving-stolen goods of one who was accessory before the fact in the crime of larceny where the accused was not present at the actual caption and asportation of the goods nor took any part therein, but who received the goods after the theft. This general rule is set forth in 76 C.J.S. Receiving Stolen Goods § 14c (1952).
The State’s testimony shows that the defendant made arrangements for the property to be conveyed from the owner’s land —and James v. State, supra, has settled this issue.
The judgment of conviction of Lawrence Anderson on the charge of knowingly receiving stolen property is reversed and defendant discharged without prejudice to the State to proceed against defendant on any other charge it may deem sufficient growing out of the facts here presented.
Reversed and appellant discharged.
ETHRIDGE, C. J., and BRADY, PATTERSON and SMITH, JJ„ concur.