489 So.2d 1386 (1986)
Larry S. HENTZ
v.
STATE of Mississippi.
No. 55612.
Supreme Court of Mississippi.
May 21, 1986.
Rehearing Denied July 9, 1986.
*1387 Robert M. Ryan, Sardis, for appellant.
Edwin Lloyd Pittman, Atty. Gen. by Marvin L. White, Jr., Asst. Atty. Gen., Jackson, for appellee.
Before ROY NOBLE LEE, P.J., and DAN M. LEE and ROBERTSON, JJ.
ROY NOBLE LEE, Presiding Justice, for the Court:
Larry S. Hentz was indicted, tried and convicted in the Circuit Court of Panola County for receiving stolen property and was sentenced to five (5) years as an habitual offender in the custody of the Mississippi Department of Corrections. He has appealed here, assigning the following errors in the trial below:
I. That the trial court erred in failing to exclude the testimony of David Peterson which was timely objected to by the appellant's attorney.
II. That the trial court erred in refusing the following jury instructions requested by appellant: (a) D-2 and (b) D-11.
III. That the trial court erred in failing to require the State to produce all tape recordings of the appellant for inspection by the appellant's attorney, said tapes, etc., being previously requested by a pretrial discovery motion.

I.  II.
There is no merit to Assignments I and II. Under I, David Peterson, a Memphis Police Department detective, wired confidential informant Elliott for sound and he listened to portions of the conversation between appellant and Elliott. Appellant objected to the introduction of the tapes in evidence and the State called Peterson to the stand. He was permitted to testify about the conversation over the objection of appellant.
Instruction D-2 was a comment upon the weight of the evidence. Similar instructions have been condemned. Goss v. State, 413 So.2d 1033 (Miss. 1982); Bell v. State, 411 So.2d 763 (Miss. 1982). Instruction D-11 was repetitious of other instructions given by the court and further involved the principle of jury nullification. Wilson v. State, 451 So.2d 718 (Miss. 1984); Irving v. State, 441 So.2d 846 (Miss. 1983); Leatherwood v. State, 435 So.2d 645 (Miss. 1983); Hill v. State, 432 So.2d 427 (Miss. 1983).

III.
Appellant Larry S. Hentz was indicted for the crime of receiving and concealing one (1) 1970 model 403 International Combine, property of J.C. McCathren. The offense report introduced in evidence by the witness Sheriff David Bryant, Panola County, Mississippi, reflected a complaint made by J.C. McCathren, for grand larceny of his International Combine. Michael Rudd, a witness for the State, testified that he had worked for the appellant, and that in September, 1982, he and appellant left appellant's home and went to Como, where they got the combine; that they rode in appellant's pickup truck and found that the combine had a flat tire; that they got air tanks and aired up the tire and Rudd drove it down the highway; after Rudd cranked it and started driving away, appellant left in the pickup truck; that Rudd parked the combine in a gravel pit near Will Lee's house in the vicinity of Pope; that he next saw it at Shelton Hentz' place in the woods; that appellant Larry Hentz sent Rudd and Michael Johnson to the combine with instructions to cut it up (with a blow torch).
Michael Johnson testified for the State that Larry Hentz sent Michael Rudd and him to the Shelton Hentz property (father of appellant) to cut up the combine with a cutting torch; that appellant told him he wanted to cut up the combine for scrap iron *1388 so it could be moved away from the Shelton Hentz place; and that the combine was "hot", meaning that it was stolen.
Thus, the evidence for the State made out a strong case of grand larceny against both appellant Larry S. Hentz and Michael Rudd, not a case of receiving stolen property.
Under Assignment #1, counsel for appellant stated to the court that he understood there were additional tape recordings of confidential information Elliott and other individuals, which he needed to hear and he requested that they be made available to him. In response, the assistant district attorney made the following statement to the Court:
ASSISTANT DISTRICT ATTORNEY (Mr. Williams): Yes, sir. If I may reply to that, Your Honor, there are other tapes and I'm not sure if they are tape recorded conversations of this Defendant or not. There were some conversations between Roger Lynn Hentz and this information that were taped. There's, as disclosed, in our judgment, no exculpatory material and the reason we didn't offer those tapes into evidence on our case in chief is because we felt that had no probative value. I don't see how the Rule could require the State to produce every bit of evidence that it doesn't intend to offer unless it's exculpatory. If it is exculpatory, then, of course, the defense is entitled to it, but there are tapes that certainly, on their face, are not admissible the tapes between Elliott and Roger Lynn Hentz and for that reason, we did not disclose those tapes because we did not intend to offer them.
The State contends that the only undisclosed tapes were conversations between appellant's brother, Roger Lynn Hentz, and confidential informant James Elliott. The State refused to disclose those tapes, since, in the judgment of the prosecuting attorney, they were not exculpatory. The prosecution further stated that it had no knowledge of any exculpatory evidence concerning Hentz.
We keep in mind that appellant was indicted for receiving stolen property and that a complete defense to that charge could be that the crime, if any, which appellant should be indicted for and convicted of, is grand larceny. With that premise, the tapes which the State declined to produce or disclose very well may have been exculpatory of the crime of receiving stolen property. An important question in discovery, such as involved here, is who is going to determine whether or not tapes or written instruments are exculpatory or important to the defense, if counsel is unable to see, hear, or know what is contained therein? Is the State attorney the only person who will make that determination? We think not. The Court now declares that as a matter of good practice and sound judgment in the trial of criminal cases, prosecuting attorneys should make available to attorneys for defendants all such material in their files and let the defense attorneys determine whether or not the material is useful in the defense of the case. We direct the attention of trial judges to this problem and suggest that they diligently implement this suggestion in order to dispense with costly errors, which might cause reversal of the case. Barnes v. State, 460 So.2d 126 (Miss. 1984); Harris v. State, 446 So.2d 585 (Miss. 1984); Morris v. State, 436 So.2d 1381 (Miss. 1983).
At the conclusion of the State's case, appellant's attorney moved the court for a directed verdict of not guilty on the charge of receiving stolen property and set forth specific reasons wherein the State failed to prove a case of receiving stolen property against appellant. The motion was overruled and at the conclusion of all the evidence, appellant's attorney renewed the motion for directed verdict. That motion was also overruled.
On this appeal, the appellant has failed to assign as error the refusal of the trial court to sustain the motions for directed verdict. In this particular situation, coupled with the refusal of the State to make available to appellant's attorney the taped cassettes of conversations, which may have contained exculpatory or other valuable information to the defense, we *1389 notice that glaring error of law which threads throughout this case, viz, trial and conviction on a charge of receiving stolen property, when the correct charge should have been grand larceny.
The State's evidence reflects that appellant took Michael Rudd to the place where the combine was located in his own pickup truck, and that appellant was present, aiding, abetting and participating in the theft of the combine. Inferences from the evidence indicate that Michael Rudd took the combine to the place designated by appellant and that appellant obtained the services of Rudd and Michael Johnson to cut up the combine with a cutting torch in order to get it off the property of appellant's father. In Thomas v. State, 205 Miss. 653, 39 So.2d 272 (1949), Thomas was indicted and convicted for receiving stolen fertilizer. The evidence showed that Thomas drove his automobile to the seed house where the fertilizer was stored, assisted in loading it into his automobile, and carrying it away. The Court said:
The rule is succinctly stated in 53 C.J. 513, Sec. 28, as follows: "It is elementary law that one who steals property cannot be convicted of receiving, concealing or aiding in concealing the property stolen. The statutes making the receiving of stolen goods a substantive offense are not intended to punish the thief by way of a double penalty but are directed against those who would make theft easy or profitable. Nor can one who has stolen property jointly with another, that is to say, who jointly with another takes part in the caption and asporttaion of the property, be convicted of receiving stolen property * * *".
This rule has been accepted and recognized by this Court in Manning v. State, 129 Miss. 179, 91 So. 902, wherein it was held that where a defendant is charged with receiving stolen goods, and the evidence shows that he is guilty of the larceny of the goods in question, he cannot be convicted of the offense with which he is charged. To the same effect are the holdings in Sartorious v. State, 24 Miss. 602 and Frank v. State, 67 Miss. 125, 6 So. 842.
From what has been said hereinabove, it follows that the judgment of the lower court adjudging the defendant guilty of the offense of receiving stolen property is reversed, and the indictment is dismissed. Let the cause be reversed, the indictment dismissed, and the prisoner held to await the action of a proper Grand Jury.
205 Miss. at 657-58, 39 So.2d at 273. See also Knowles v. State, 341 So.2d 913 (Miss. 1977); Anderson v. State, 232 So.2d 364 (Miss. 1970).
The judgment of the lower court is reversed, the indictment is dismissed, and the appellant is ordered held to await the action of a grand jury hereafter to be convened.
REVERSED, RENDERED AND REMANDED.
PATTERSON, C.J., WALKER, P.J., and HAWKINS, DAN M. LEE, PRATHER, ROBERTSON, SULLIVAN and ANDERSON, JJ., concur.