490 So.2d 1220 (1986)
Perry WHATLEY
v.
STATE of Mississippi.
No. 56212.
Supreme Court of Mississippi.
June 4, 1986.
John C. Webb, Howard Bass, Greenville, for appellant.
Edwin Lloyd Pittman, Atty. Gen. by Jack B. Lacy, Jr., Sp. Asst. Atty. Gen., Jackson, for appellee.
En Banc.
DAN M. LEE, Justice, for the Court:
Perry Whatley was indicted on October 12, 1984, with the crimes of receiving stolen property and being an habitual criminal. He was tried on December 14, 1984, in the Circuit Court of Washington County, and was found guilty as charged. Whatley was sentenced under the habitual criminal statute, and received a sentence of five years in the custody of the Mississippi Department of Corrections. He has appealed, and assigns the following as error:
1. As a matter of law, the evidence adduced at appellant's trial was insufficient to sustain a conviction and, therefore, *1221 the verdict of the jury was contrary to the law and the evidence.
2. The verdict of the jury was contrary to the overwhelming weight of the evidence, and, in the alternative, appellant should be granted a new trial to prevent a miscarriage of justice.

STATEMENT OF FACTS
On August 30, 1984, employees from the Tennessee Gas Pipeline Corporation reported that a generator, worth about $350.00 to $400.00 had been stolen from the back of their truck in the parking lot of the Holiday Inn in Greenville, Mississippi. The record is bare of evidence regarding the identity of the actual thief or thieves. At about 1:00 a.m. on the morning of August 31, 1984, an employee of the Holiday Inn, Ronald Kilgore, offered to sell a portable generator to Charles Willmer, who was an off-duty policeman working as a security guard for the hotel. Willmer decided not to buy the generator; however, on the following day at work he saw the larceny report on a generator which was stolen. It fit the description of the generator which Kilgore had offered to sell him. He reported this information to Sgt. Criswell of the Greenville Police. Criswell conducted an investigation, which ultimately led to the recovery of the generator on September 7, 1984, and the arrest of the defendant, Perry Whatley.
According to testimony from Charles Rochelle, who testified as a state's witness, Perry Whatley appeared in Rochelle's bar in Greenville on the night of August 30, 1984, at about 10:30 to 11:30 p.m. Whatley told Rochelle that he had a power plant that he wanted to pawn to him, and he assured Rochelle that the generator belonged to him. Rochelle testified that he told Whatley that he wanted a bill of sale executed for the generator, and that if Whatley did not return to pick it up the next day he would sell it. Whatley agreed to sign the bill of sale for the generator. According to Rochelle, "He more or less pawned it to me, but I took a bill of sale on it in case he didn't come back."
When Whatley did not return for the generator within a couple of days, Rochelle asked Kilgore to help him sell it. When Kilgore was unsuccessful, Rochelle finally located a buyer, Charles Prestridge. Rochelle sold the generator to Prestridge for $100.00; however after he was contacted by the police, he gave Prestridge his money back, and recovered the generator.
The state's witnesses included an employee from the gas company, the police officers, Willmer and Criswell, Charles Rochelle, and Charles Prestridge. Their testimony established that a generator was stolen from the gas company, and that Perry Whatley had it in his possession sometime after the theft, and sold it to Charles Rochelle. After they had testified, and the state had rested, the defendant made a motion for a directed verdict. That motion was overruled by the trial judge, who said, "It is a case the Supreme Court could conceivably reverse, but I think you got enough to go to the jury." He further stated that "This is not a strong case but I think you got enough to get to the jury. The fact that he let it go for the $20.00, when we know it was worth two or three hundred dollars, the fact that he did it at night at a juke joint, and the fact that he told the man he had been using it in his business, when as a matter of fact it couldn't have come into his possession except a few hours before that. I think with those things you have enough to get to the jury."
Whatley testified in his own behalf. His story of the acquisition of the generator is as follows: He testified that about 7:00 o'clock p.m. on August 30, 1984, he went to the Super Stop in Leland for cigarettes. At the Super Stop, he saw a black male, about 32 years old, standing by his truck. The black man asked to buy one of his tires, saying that he had had a blowout a few miles down the road. Whatley did not sell the man one of his tires; however, he gave him a ride to his truck. According to Whatley, the truck had a Hinds County tag, and a flat right rear tire. He observed a generator in the back of the truck, and *1222 the man asked if he would trade him a tire for the generator. Whatley left the man at his truck, went to Vince's and bought a tire for $10.00. His motivation was to help out a stranger who was desperate, and to perhaps make a little money on the generator. After helping the stranger change his tire, they put the generator in the back of Whatley's truck. Whatley testified that he did not ask the man anything about where the generator came from. He said that he had no suspicion that it might be stolen. Later that night, Whatley went to the Hide-Away Lounge, to sell the generator to Charlie Rochelle. Whatley testified that he told Rochelle that the generator came from Hinds County. He contradicted Rochelle's testimony, and said that he did not pawn the generator for beer money.

ELEMENTS OF THE CRIME
Miss. Code Ann. § 97-17-69 (1972) states as follows:
If a person buy or receive in any manner or on any consideration personal property of any value, feloniously taken away from another, knowing the same to have been so taken, he shall be guilty of receiving stolen goods, and, on conviction, shall be punished by imprisonment in the penitentiary not more than five years, or by imprisonment in the county jail not more than six months, and by fine, nor more than $250.00.
This statute makes the requirements for the crime of receiving stolen property the following: (1) A purchase or receipt of personal property (2) stolen from someone else (3) with knowledge that the property is stolen.
At the end of the state's case, counsel for defendant moved for a peremptory instruction, on the grounds that the state had not presented sufficient evidence to sustain a conviction. At the close of the state's case, the state had shown that a generator had been stolen from Tennessee Gas Pipeline on either the evening of August 29, 1984, or the morning of August 30, 1984. The state had also shown that, on the evening of August 30, 1984, Perry Dean Whatley sold the same generator to Charles Rochelle. According to Rochelle, Whatley did not give him any information about how he received the generator. The state had also shown that the generator, which was worth about $350.00 to $400.00, had been sold (or pawned) to Charles Rochelle for $20.00. Thus, at the close of its case, the state had shown possession of a recently stolen generator which was worth over $100.00. Apparently, the jury also believed that the state had shown guilty knowledge.
"Guilty knowledge is the gist of the offense of receiving stolen property... ." Ellett v. State, 364 So.2d 669, 670 (Miss. 1978); Johnson v. State, 247 So.2d 697, 698 (Miss. 1971). See also Thompson v. State, 457 So.2d 953 (Miss. 1984). Guilty knowledge may be shown by evidence that the defendant "received the property under circumstances that would lead a reasonable man to believe it to be stolen." Ellett 364 So.2d at 670. It may also be shown by the defendant's possession of stolen property "coupled with the further circumstances that he is said to have made misrepresentations to the officer as to where he purchased the tire and as to whether he knew the person from whom he received it." Crowell v. State, 195 Miss. 427, 432, 15 So.2d 508 (1943). A disparity between the value of the property in question and the price at which the defendant subsequently sells it may be evidence of guilty knowledge "when coupled with the possession of the burglary tools adapted for breaking and entering and burglarizing... ." Corn v. State, 250 Miss. 157, 161, 164 So.2d 777 (1964). Finally, the defendant's "Own actions subsequent to receipt may have a bearing on whether he knew or should have known the property to be stolen." Van v. State, 477 So.2d 1350 (Miss. 1985).

SUFFICIENCY OF THE EVIDENCE
The state presented no evidence as to Whatley's receipt of the generator. Therefore, there can be no evaluation of the transaction under the reasonable man standard. The state's evidence consisted of the actions which Whatley took after he was in *1223 possession of the generator. That evidence showed that he sold or pawned the generator to the owner of a bar about twenty-four hours after it was stolen, for substantially less than the value of the generator. The state did not present substantial evidence to show guilty knowledge. As the court held in Rodgers v. State, 222 Miss. 23, 75 So.2d 42 (1954), where the state relies totally on circumstantial evidence to establish guilty knowledge in a case of receiving stolen property, the state bears the burden "not only to prove the appellant's guilt beyond every reasonable doubt but to the exclusion of every reasonable hypothesis of his innocence." 222 Miss., at 29, 75 So.2d 42. In that case, the defendant was convicted of receiving stolen whiskey. The state relied upon the secrecy involving the transaction to show guilty knowledge. However, at that time, possession of whiskey was illegal in this state. The Court reversed the conviction, holding that "the secrecy surrounding the handling of the whiskey ... tended just as much to show that the manner of handling and dealing with the whiskey was because it was an illegal commodity as ... because the parties were dealing with stolen property. One theory is just as reasonable as the other... ." Id. Further, the Court held that "The jury were not warranted in rejecting the theory favorable to the appellant under the facts of this case... ." Id.
In this case, the immediate sale of the generator at such a low price could indicate guilty knowledge. It also could indicate an immediate need for cash. Finally, it could indicate that the defendant, Whatley, was guilty of the actual theft of the generator.
As early as 1889, the Mississippi Supreme Court held that a thief cannot be convicted under the statute for receiving stolen property. In Frank v. State, 67 Miss. 125, 128, 6 So. 842 (1889), the Court held that "It is not sufficient to convict a prisoner of receiving goods knowing them to be stolen, to show that he stole them; but where circumstances warrant the conclusion that they were stolen by another, and they are traced to the possession of the defendant, under circumstances sufficient to make him believe they were stolen, this is sufficient to uphold a conviction." In Manning v. State, 129 Miss. 179, 181, 91 So. 902 (1922), the Court held that "Where a defendant is charged with receiving stolen goods and the evidence shows that he is guilty of the larceny of the goods in question, he cannot be convicted of the offense with which he is charged... . Two offenses are akin to the extent that the crime of receiving stolen goods cannot be committed, except as to goods which have been stolen, but the thief cannot be guilty of both offenses." In Thomas v. State, 205 Miss. 653, 657, 39 So.2d 272 (1949), the Court reiterated this view.
The rule is succinctly stated in 53 C.J. 513, section 28, as follows: `It is elementary law that one who steals property cannot be convicted of receiving, concealing, or aiding in concealing the property stolen. The statutes making the receiving of stolen goods a substantive offense are not intended to punish the thief by way of a double penalty but are directed against those who would make theft easy or profitable. Nor can one who has stolen property jointly with another, that is to say, who jointly with another takes part in the caption and asportation of the property, be convicted of receiving stolen property... .
In Anderson v. State, 232 So.2d 364 (Miss. 1970), the Court once again held: "One who steals property cannot be convicted of receiving, concealing or aiding in concealing stolen property." Id. at 365-66. Anderson was overruled in the case of Knowles v. State, 341 So.2d 913 (Miss. 1977), but only to the extent that an accessory before the fact can be convicted under the statute for receiving stolen goods.
At the close of the state's case, there was no evidence showing that Whatley had either received or stolen the goods. However, during the defense's case, Whatley gave his version of the receipt of the property. Apparently, the jury rejected his story, since he was convicted. With the rejection of Whatley's story, there is no evidence *1224 in the record of how he actually came by the generator. However, during cross-examination, the state asked Whatley if he knew the location of the Holiday Inn in Greenville, and how far away the Hide-Away Lounge was from the Holiday Inn. That questioning, and Whatley's affirmative answers, could lead to the inference that Whatley indeed stole the generator from the parking lot of the Holiday Inn.
Without any evidence showing that Whatley either received or stole the generator, the jury was left with mere possession of stolen property. That is not a crime under § 97-17-69. Thompson, 457 So.2d at 955.
At the close of the state's case, the defendant requested a peremptory instruction. The standard of review appropriate in such a case is that a directed verdict or peremptory instruction should be awarded when the facts, viewed in the light most favorable to the state, do not make out a case sufficient to go to the jury. Shelton v. State, 445 So.2d 844, 848 (Miss. 1984). The state's evidence, taken in the light most favorable to it at the close of the state's case, merely established possession of property recently stolen, which was worth more than $100.00, and which was sold, or pawned, by the defendant for $20.00. That evidence was insufficient to show guilty knowledge. Furthermore, the state presented no evidence at trial bearing on the defendant's receipt of the goods, and the defendant's version of receipt of the goods was apparently rejected by the jury.
The state failed to present evidence sufficient to withstand the defendant's motion for a directed verdict on the charge of receiving stolen property. Therefore, the trial court erred in not sustaining the motion for directed verdict and the indictment is accordingly dismissed.
REVERSED AND INDICTMENT DISMISSED.
PATTERSON, C.J., WALKER and ROY NOBLE LEE, P.JJ., and HAWKINS, PRATHER, ROBERTSON, SULLIVAN and ANDERSON, JJ., concur.
HAWKINS, Justice, dissenting:
I respectfully dissent. In my view there was sufficient evidence adduced by the state from which the jury could have concluded the defendant knowingly received stolen property.
I gather from the majority that if Whatley had been indicted for grand larceny there would have been a jury issue as to his guilt, resulting from his failure to make some rational explanation of his possession of recently stolen property. In my view the law is entitled to indulge in the same presumption as to knowingly receive stolen property, that is, to require the defendant to make some reasonable explanation of how the property was received. Whatley's own version as to how he received the generator belies his claim of innocence.
That a person who commits larceny cannot in the same transaction knowingly receive stolen property is, of course, obvious. Nevertheless, there are cases in which the state should be permitted to proceed under either theory when there is proof beyond a reasonable doubt that the defendant is guilty of one or the other, but the borderline as to which one it was is indistinct. The fact that the defendant himself is the sole person who could answer whether it was larceny or knowingly receiving stolen property should not bar prosecution when it was one of the two, and a jury issue can be made as to either crime.
See: Ruffin v. State, 482 So.2d 231 (Miss. 1986.)