MAXWELL, J.,
concurring in result only:
¶ 12. I agree with the majority that this case must be reversed and remanded, but not for the reason it cites. The majority would reverse Davis’s receiving-stolen-property conviction because a separate grand-larceny count — a count upon which Davis was actually acquitted at trial — was also charged in the indictment. But any initial problem with the dual charges in the indictment was obviated when the jury acquitted Davis of grand larceny. Because jeopardy has attached to the count he was acquitted of, there is no longer danger of dual convictions or sentences for stealing and receiving the same property.
¶ 13. Still, I do find reversal is necessary since the jury was wrongly instructed on the only count of conviction — the receiving-stolen-property count. Even the State concedes as much. An essential element of receiving stolen property is that “the defendant knew or had reasonable grounds to believe the property had been stolen.”[1] But here this element was wholly omitted from the jury instructions. Because of this obvious, plain error in the jury instructions, I find the proper course is to reverse and remand the receiving-stolen-property conviction for retrial.

I. No Possibility of Dual Convictions or Punishments

¶ 14. Our Legislature saw fit to preclude charging a single defendant with both stealing and unlawfully receiving the same property.[2] This prohibition was no doubt premised on hornbook law that a *831 thief cannot be convicted of both stealing and receiving the goods he has stolen. See Thomas v. State, 205 Miss. 653, 657, 39 So.2d 272, 273 (1949) (citing 53 C.J. § 28). Drawing from a legal treatise on this common-sense notion, the Mississippi Supreme Court acknowledged that the statutory crime of receiving stolen property is “not intended to punish the thief by way of a double penalty but [is] directed against those who would make theft easy or profitable.” Id. So it is obvious that protection from double conviction and punishment is at the heart of both the statutory and common-law prohibition against prosecuting a single defendant for both receiving, and stealing the same goods.
¶ 15. However, here, there are not dual convictions or punishments to complain of. Since Davis was acquitted by the jury on the larceny charge, jeopardy has attached on that count. So he can never be subjected to dual larceny and receipt-of-stolen-property charges stemming from these same acts. See Miss. Const, art. 3, § 22 (“No person’s life or liberty shall be twice placed in jeopardy for the same offense; but there must be an actual acquittal or conviction on the merits to bar another prosecution.”); see also North Carolina v. Pearce, 395 U.S. 711, 717, 89 S.Ct. 2072, 23 L.Ed.2d 656 (1969) (overruled on other grounds) (holding Double Jeopardy Clause in Fifth Amendment of United States Constitution protects against second prosecution for same offense after acquittal). In other words, the evil of double convictions and punishments is no longer present. Thus, I disagree with the majority’s reason for reversal and remand.

II. Missing Element in Jury Instructions

¶ 16. However, I do agree with the majority that reversal is proper. The required elements of receiving stolen property are: “(1) the intentional possession, receipt, retention or disposition of personal property (2) stolen from someone else (3) with knowledge or a reasonable belief that the property is stolen.” Ezell v. State, 956 So.2d 315, 319 (¶ 12) (Miss.Ct.App.2006) (quoting Washington v. State, 726 So.2d 209, 212-13 (¶ 10) (Miss.Ct.App.1998)); see also Miss.Code Ann. § 97-17-70(1) (Supp. 2013). And here, the State concedes that the jury was not instructed that the defendant knew or should have reasonably believed the tractor was stolen — a necessary element of this crime.[3] See Ladd, 87 So.3d at 1117 (¶ 30).
¶ 17. Until recently, this omission would have been subject to harmless-error review. For a little over a decade, Mississippi had adhered to the United States Supreme Court’s view that “the omission of an element is an error that is subject to harmless-error analysis.” Neder v. United States, 527 U.S. 1, 15, 119 S.Ct. 1827, 144 L.Ed.2d 35 (1999); Kolberg v. State, 829 So.2d 29, 49-50 (¶ 39) (Miss.2002) (applying Neder’s harmless-error analysis where trial court failed to instruct jury on underlying felony in capital-murder prosecution). But our state’s high court just recently reversed course and jettisoned this approach.
*832 ¶ 18. In Harrell v. State, a majority of our supreme court overruled Kolberg’⅛ holding that “each case must stand on its own facts in determining whether a particular error constitutes reversible error”[4] when reviewing the omission of an element from a jury instruction. Harrell v. State, 134 So.3d 266, 269 (¶ 18) (Miss.2014). In overruling Kolberg, the Harrell majority created a new automatic-reversal rule. Under this rule, our supreme court instructs that it is now “always and in every case reversible error” if an element of a charged criminal offense is omitted from a jury instruction. Id. at 275 (¶ 30). This approach apparently mandates reversal in all cases even if the instructional error was not raised at trial and even if under Neder-based harmless-error review it did not affect the jury’s verdict.[5]
¶ 19. While after Harrell, it looks like courts need no longer engage in deciding if an injustice occurred in the omission of an element from an instruction, I still find the omission here was harmful 'because the jury was wrongly instructed it could convict Davis without the State proving he knew or should have known the tractor was stolen.
¶ 20. And it is not unreasonable to believe that, here, the jury perhaps convicted Davis of the property-receipt crime — rather than the larceny charge — because larceny required stealing, while the erroneous receiving-stolen-property instruction direefed that mere possession, retention, or disposal of the tractor by Davis was enough to impose criminal liability.
¶ 21. Because Davis’s substantial rights were affected by the omission of the essential element that the State prove he had knowledge the tractor was stolen, I would reverse and remand this count.
ROBERTS AND FAIR, JJ., JOIN THIS OPINION.

. Ladd v. State, 87 So.3d 1108, 1117 (¶ 30) (Miss.Ct.App.2012).

. See Miss.Code Ann. § 97—17—70(3)(a) (Supp.2013).

. The receiving-stolen-property instruction read:
[I]f you believe from the evidence in this case, beyond a reasonable doubt, that:
(1) On or about the 13th day of October, 2011, in Claiborne County, Mississippi;
(2) the said Jordan Davis did wilfully, unlawfully, intentionally and feloniously possess, retain and dispose of a John Deere tractor;
(3) of value of more than five hundred dollars;
(4) the personal property of Mike Dent, then you shall find the said Jordan Davis guilty of Possession of Stolen Property as to count three.

. Kolberg, 829 So.2d at 48 (¶ 34) (quoting Carleton v. State, 425 So.2d 1036, 1040 (Miss.1983), overruled on other grounds by Payton v. State, 785 So.2d 267, 270 (¶ 11) (Miss.1999)).

. There is the potential that Harrell’s mandatory reversal rule will likely, in some instances, entice defendants to remain silent at instruction conferences when they know the State’s or court's instruction is flawed — hedging their bets that, if not acquitted by the jury, they can always claim plain error on appeal and automatically get a new trial. And this new absolute rule mandates reversal in cases where our appellate courts would confidently conclude the instructional error did not affect the verdict. For example, there could be a case where a required element is stipulated by the defendant and State — removing the necessity the element be proven by the State beyond a reasonable doubt — but the element is inadvertently left out of an instruction. In such instances, reversal would be mandated, even though the error was obviously harmless.