RODGERS *v.* STATE.

No. 39296 October 25, 1954 75 So. 2d 42

*John W. Prewitt,* Vicksburg, for appellant.

*Joe T. Patterson,* Asst. Atty. Gen., Jackson, for appellee.

HOLMES, J.

The appellant was jointly indicted with others in the Circuit Court of Warren County on a charge of receiv-

ing stolen property, towit: whiskey, muscatel wine, and white rock water, of the value of $636.60, the property of Nicholas Cassino. He applied for and was granted a severance and was tried and convicted and sentenced to a term of two and one-half years in the State penitentiary, hence this appeal.

The testimony in the case is not in substantial conflict. About 1:45 o'clock on a Sunday morning in July, 1953, one Robert Williams, accompanied and assisted by Donald Sanders, a minor of about the age of 15 years, broke and entered a building on Mulberry Street in the City of Vicksburg, and removed therefrom eight cases of whiskey, consisting of six cases of "Early Times" and two cases of "Old Granddad." The building burglarized was one occupied by Nicholas Cassino in the operation of his business as a wholesale liquor dealer. Williams and Sanders moved the whiskey out to the street and then procured the services of another party to haul the whiskey away in an automobile. They drove for a while about the streets of Vicksburg until they apprehended that they were being followed by police officers, and then they drove along a dead-end street or alley and left the car. Shortly thereafter, they returned to the car and found that they were unable to get it started or moved. Williams went to the home of the appellant, which was near by, and requested the appellant to use his car in getting the stalled car started, offering the appellant for such services a half case of whiskey. The appellant went to the scene with his car, and determining there that he could not get the stalled car started, he suggested to Williams that Williams get a wrecker. Williams then proposed to the appellant that the whiskey be loaded in his car and taken to his home and kept over night, offering the appellant therefor a case of whiskey. The appellant assented to this and with the aid of the others present loaded the whiskey in his car and took it to his home where it was concealed under appellant's house, and where it re-

mained until Sunday evening. Williams also requested the appellant to haul the whiskey to Port Gibson, offering him a case of whiskey for this service, and to this the appellant assented. He and Williams drove to Port Gibson with the whiskey, and on arrival there, Williams sold five cases of whiskey to a man in Port Gibson for $85.00. The sale was wholly negotiated by Williams and the appellant had no part therein and received no part of the proceeds. Williams had told the appellant earlier that he had just come in from Louisiana, intimating that he had brought the whiskey from Louisiana. No one told the appellant that the whiskey had been stolen. It was shown that the value of the whiskey which was given to the appellant for his services was $53.00 per case.

It is the contention of the appellant on this appeal that the proof is insufficient to show the ownership of the whiskey as charged in the indictment, and that the proof as a whole is wholly insufficient to establish the guilt of the appellant, and that, therefore, the trial court erred in denying to the appellant a peremptory instruction.

We find no merit in the appellant's contention that the proof is insufficient to show the ownership of the whiskey or that there was a fatal variance between the indictment and the proof as to ownership. The record does not disclose that any specific objection was made in the trial court upon the grounds that there was a variance between the indictment and the proof as to ownership other than he sought to do so by his request for a peremptory instruction. Had such an objection been made in the court below, the indictment could have been amended. Section 2532, Mississippi Code of 1942. We have consistently held that where there is a variance between the indictment and the proof as to ownership, objection should be made thereto specifically during the trial, and that it is too late to raise the objection after verdict, and further, that such an

objection cannot be raised by a request for a peremptory instruction. Smith v. State, 112 Miss. 248, 72 So. 929; Jackson v. State, 189 Miss. 642, 198 So. 625, Hughes v. State, 207 Miss. 594, 42 So. 2d 805, Kellum v. State, 213 Miss. 579, 57 So. 2d 316.

We are of the opinion, however, that under the evidence in this case there was no variance between the indictment and the proof as to ownership and that on the contrary the proof was amply sufficient to fix the ownership as charged in the indictment. It was alleged in the indictment that the owner of the whiskey was Nicholas Cassino. There was proof that the building from which the whiskey was stolen was occupied by Nick Cassino in the conduct of his business as a wholesale liquor dealer and that he owned the merchandise therein. The State called a witness who gave his name as Nicholas Cassino, Jr., and who testified that his faither was Nick Cassino, and was the owner of the business conducted in the building in question. We think that the jury were amply warranted in deducing from the evidence that the father of Nicholas Cassino, Jr. was Nicholas Cassino, Sr., and that Nicholas Cassino and Nick Cassino were one and the same person.

We are further of the opinion, however, that the contention of the appellant that the proof is insufficient to establish his guilt and that the court erred in refusing to grant him a peremptory instruction is well founded. There is no direct proof of the appellant's guilty knowledge. In fact, the only information which the proof shows that the appellant had as to where the whiskey came from was the statement made to him by Williams that he had just come from Louisiana, thus creating the reasonable inference that he had gotten the whiskey in Louisiana. The State, therefore, wholly relies upon circumstantial evidence to establish the essential fact that the appellant knew, or should have known, that the whiskey was stolen property. The burden of

proof, therefore, devolved upon the State not only to prove the appellant's guilt beyond every reasonable doubt but to the exclusion of every reasonable hypothesis of his innocence. ■■■ The circumstances relied upon by the State to establish the appellant's guilty knowledge are the secrecy and concealment surrounding the handling of the whiskey, the fact that the appellant was given two cases of whiskey worth $53.00 each for the services he was performing, and the fact that Williams sold five cases of the whiskey to a party in Port Gibson for $85.00. We think the latter fact is of no probative value in establishing the guilty knowledge of the appellant. He did not participate in the sale of the whiskey or receive any part of the proceeds thereof, and he had already received the whiskey at the time Williams consummated his final part in the transaction by selling the whiskey. In this case, the secrecy surrounding the handling of the whiskey, and the fact that the appellant received two cases of the whiskey for his services tended just as much to show that the manner of handling and dealing with the whiskey was because it was an illegal commodity as to show that such secrecy and manner of handling the whiskey was because the parties were dealing with stolen property. One theory is just as reasonable as the other and the jury were not warranted in this situation in accepting that theory which pointed to the guilt of the appellant and rejecting the theory which pointed to his innocence. The stronger theory of the two, in view of Williams' statement that he had just come in from Louisiana, and the further fact that the police had raided appellant's place for whiskey the week before, is in our opinion the theory which points to the innocence of the appellant. The jury were not warranted in rejecting the theory favorable to the appellant under the facts of this case, and certainly the evidence is not such as to establish the guilt of the appellant beyond every reasonable doubt and to the exclusion of every reasonable

hypothesis of his innocence. At most, the evidence raises nothing more than a suspicion of the appellant's guilt and this does not meet the burden which rested upon the State.

"Evidence which creates nothing more than a suspicion of guilt, although it is a strong suspicion, is not sufficient to sustain a conviction." 76 C. J. S., page 39.

"The evidence in order to authorize a conviction for receiving stolen goods must establish beyond a reasonable doubt that the accused knew that the property had been stolen, and mere supposition or suspicion as to his knowledge will not suffice." 76 C. J. S., p. 45.

In Windham v. State, 91 Miss. 845, 45 So. 861, we held as follows: "Where, in a murder trial, one plausible theory sustained by the evidence tends to show that bystanders killed decedent, and another tends to show that defendant did it, and the jury are unable to determine which theory is true, they must accept the one favorable to defendant, and acquit."

After a careful review of the record in this case, we are of the opinion that the proof is insufficient to establish the guilt of the defendant. Accordingly, the judgment of the court below is reversed and the appellant discharged.

Reversed and appellant discharged.

*McGehee, C. J.,* and *Hall, Kyle* and *Gillespie, JJ.,* concur.