816 So.2d 452 (2002)
Theodosius M. TORREY a/k/a Theodosius Maurice Torrey, Appellant,
v.
STATE of Mississippi, Appellee.
No. 2001-KA-00180-COA.
Court of Appeals of Mississippi.
April 30, 2002.
Calvin D. Taylor, Pascagoula, attorney for appellant.
Office of the Attorney General by Billy L. Gore, attorney for appellee.
Before McMILLIN, C.J., LEE, MYERS, and BRANTLEY, JJ.
MYERS, J., for the court.
¶ 1. Theodosius M. Torrey was indicted for the crime of possession of a controlled substance with the intent to distribute on November 2, 1999. A trial was had and *453 Torrey was convicted of possession of a controlled substance in the Circuit Court of Jackson County, Honorable Dale Harkey presiding. Torrey was sentenced to serve four years in the custody of the Mississippi Department of Corrections and fined $2,500. After being convicted, Torrey presented a motion for judgment notwithstanding the verdict or, alternatively, a new trial which was denied by the trial court. From the denial of that motion, Torrey appeals raising the following issues:
1. WHETHER THE TRIAL COURT ERRED WHEN IT ALLOWED THE STATE TO PROCEED ON A LESSER INCLUDED OFFENSE AFTER DIRECTING A VERDICT OF ACQUITTAL ON THE GREATER OFFENSE; AND
2. WHETHER THE TRIAL COURT ERRED IN SENTENCING TORREY PURSUANT TO THE FELONY OFFENSE RATHER THAN THE MISDEMEANOR OFFENSE.

STATEMENT OF FACTS
¶ 2. Theodosius M. Torrey was indicted on November 2, 1999, for the crime of possession of a controlled substance with the intent to distribute. The amount of cocaine allegedly possessed by Torrey was not asserted in the indictment. At trial after the State rested, Torrey moved for a directed verdict. The trial court granted the directed verdict on the portion of the charge alleging possession of a controlled substance with the intent to distribute but allowed the case to proceed on the grounds of possession of a controlled substance. Testimony was had that twenty to twenty-five rocks of crack cocaine were found. The jury found Torrey guilty of possession of a controlled substance. The trial court sentenced Torrey under the felony possession statute to serve four years in the custody of the Mississippi Department of Corrections and to pay a fine of $2,500. After being convicted and sentenced, Torrey filed a motion for judgment notwithstanding the verdict or, alternatively, new trial which was denied by the trial court. From the denial of that motion, Torrey perfects the present appeal.

LEGAL ANALYSIS

1. WHETHER THE TRIAL COURT ERRED WHEN IT ALLOWED THE STATE TO PROCEED ON A LESSER INCLUDED OFFENSE AFTER DIRECTING A VERDICT OF ACQUITTAL ON THE GREATER OFFENSE.
¶ 3. Torrey first contends that the trial court erred when it allowed the State to proceed on the lesser-included-offense of possession of a controlled substance after granting a directed verdict on possession of a controlled substance with the intent to distribute. A one count indictment was returned against Torrey charging him with possession of a controlled substance with intent to distribute. At the close of the State's case, Torrey made a motion for the trial court to grant a directed verdict of acquittal. The trial court partially granted the directed verdict, dismissing the charge of possession of a controlled substance with the intent to distribute but allowing the jury to consider whether Torrey was guilty of possession of a controlled substance. Torrey argues that it was improper for the trial court to allow the State to proceed against him with a charge of possession of a controlled substance after granting a directed verdict on the larger charge of possession of a controlled substance with the intent to distribute.
"On an indictment for any offense the jury may find the defendant guilty of the offense charged, or any attempt to commit *454 the same offense, or may find him guilty of an inferior offense, the commission of which is necessarily included in the offense with which he is charged in the indictment, whether the same be a felony or misdemeanor, without any additional count in the indictment for that purpose."
Miss.Code Ann. § 99-19-5 (Rev.1994). Possession of a controlled substance is a lesser-included-offense of possession of a controlled substance with the intent to distribute. Hicks v. State, 580 So.2d 1302, 1306 (Miss.1991). The trial judge properly allowed the jury to consider the lesser-included-offense of possession of a controlled substance after directing a verdict of acquittal on the greater offense of possession of a controlled substance with the intent to distribute. This issue is without merit.

2. WHETHER THE TRIAL COURT ERRED IN SENTENCING TORREY PURSUANT TO THE FELONY OFFENSE RATHER THAN THE MISDEMEANOR OFFENSE.
¶ 4. Torrey's final point of error is that the trial court erred when it sentenced him pursuant to the felony offense rather than the misdemeanor offense. The indictment returned against Torrey stated that Torrey feloniously possessed cocaine with the intent to distribute. The indictment is silent on the amount of cocaine allegedly possessed by Torrey. Because the amount of cocaine was unspecified, the trial court rendered its sentence pursuant to the lowest weight. Possession of less than one-tenth gram of a Schedule I or II controlled substance may be charged by indictment as a felony or misdemeanor. Miss.Code Ann. § 41-29-139(c)(1)(A) (Rev. 2001). It is well settled that "where two or more statutes could apply to the same conduct, the State is not required to prosecute an individual under a statute providing for a lesser penalty." Martin v. State, 732 So.2d 847, 855(¶ 33) (Miss.1998). "But where two or more statutory provisions could apply to the defendant's conduct, and the indictment itself is ambiguous as to which statute is being charged, a defendant may be sentenced only under the provision providing the lesser penalty." Id. The indictment returned against Torrey clearly stated that he feloniously possessed cocaine thus charging Torrey with felony possession. The trial court correctly sentenced Torrey under the felony provisions of Miss.Code Ann. § 41-29-139(c)(1)(A) (Rev.2001). This issue is without merit.
¶ 5. THE JUDGMENT OF THE CIRCUIT COURT OF JACKSON COUNTY OF CONVICTION OF POSSESSION OF COCAINE, A SCHEDULE II DRUG AND SENTENCE OF FOUR YEARS IN THE CUSTODY OF THE MISSISSIPPI DEPARTMENT OF CORRECTIONS AND FINE OF $2,500 IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO THE APPELLANT.
McMILLIN, C.J., KING AND SOUTHWICK, P.JJ., BRIDGES, THOMAS, LEE, IRVING, CHANDLER AND BRANTLEY, JJ., CONCUR.